IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAY EDWARDS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-3426 |
| | : | |
| CITY OF PHILADELPHIA, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**SÁNCHEZ, C.J.**                                                                                                                                     OCTOBER 30, 2018

On August 13, 2018, *pro se* Plaintiff Jay Edwards filed two separate Complaints and Motions for Leave to Proceed *In Forma Pauperis*. *See Edwards v. City of Phila.*, Civ. A. No. 18-3426 (E.D. Pa. filed Aug. 13, 2018); *Edwards v. Phila. Parking Auth.*, Civ. A. No. 18-3427 (E.D. Pa. filed Aug. 13, 2018). In both Complaints, Edwards raised constitutional claims pursuant to 42 U.S.C. § 1983 based upon events that occurred on September 7 and 14, 2017. Specifically, Edwards asserted that his Fourth and Fourteenth Amendment rights were violated when officers of the Philadelphia Police Department and the Philadelphia Parking Authority searched his vehicles and impounded them. In Civil Action No. 18-3426, Edwards named the City of Philadelphia, the City Police Department, and Officer Michael Spicer as Defendants. In Civil Action No. 18-3427, Edwards named the Philadelphia Parking Authority ("PPA") and John Taylor, an employee of the PPA, as Defendants.

By Order entered on August 15, 2018, the Court concluded that because Edwards was asserting constitutional claims arising from the same events in both Complaints, it was in the interest of judicial economy to consolidate these cases and allow Edwards to file an Amended Complaint. (ECF No. 4.) Accordingly, the Court granted Edwards leave to proceed *in forma*

1

*pauperis*, consolidated the two cases, closed Civil Action No. 18-3427, and directed the Clerk of Court to add the PPA and John Taylor to the docket as Defendants in Civil Action No. 18-3426. (*Id.*)  The Court also dismissed the Complaints without prejudice to Edwards's right to file an amended complaint in Civil Action No. 18-3426.

On September 21, 2017, the Court received a Response from Edwards.  (ECF No. 6.)  Edwards captioned his Response with the caption for Civil Action No. 18-3427.  (*Id.* at 1.)  By Order entered on October 3, 2018, the Court directed the Clerk of Court to docket the Response in Civil Action No. 18-3426 and directed Edwards to make all further filings in Civil Action No. 18-3426 only.

In his Response, Edwards argued that the undersigned "picked [Civil Action No. 18-3427] apart leaving no defendants in this case and was dismissed with prejudice."  (ECF No. 6 at 3.)  He "decline[d] to join or cons[o]lidate" Civil Action Nos. 18-3426 and 18-3427.  (*Id.* at 6.)  Edwards also requested that the undersigned recuse himself from this matter and that it be reassigned to another judge.  (*Id.* at 9.)

The Court received Edwards's Amended Complaint on October 19, 2018.  (ECF No. 8.)  In his Amended Complaint, Edwards has only named the Philadelphia Parking Authority ("PPA") and John Taylor, a PPA, as the Defendants.  For the following reasons, the Court will dismiss the Amended Complaint and provide Edwards another opportunity to amend.

I.      **FACTS**

In his Amended Complaint, Edwards alleges that on September 7, 2017, he was sitting inside of his car on the 3600 block of Jasper Street in Philadelphia when he "was told to get out [of the] car and [handcuffed] for an hour and a half and [detained] for a[n] hour [and a] half."  (Am. Compl. at 3.)  According to Edwards, the PPA took the car "on a [dead] stop/not a live

2

stop." (*Id.*)  The car "was parked and was not in motion with a club on the wheel and no key in [the ignition]." (*Id.*)  Edwards alleges that PPA "was called in the radio room" and that someone informed PPA it was a "[dead] stop and ask[ed] for a supervisor." (*Id.*)  PPA "radio room said they are sending one out but without regard still took the car." (*Id.*)  Edwards states that John Taylor was the "active [supervisor]" on this occasion. (*Id.*)

Edwards contends that he suffered "stress [and] pain and suffering" from these events. (*Id.* at 4.)  He states that he is invoking this Court's federal question jurisdiction because his rights under "1986 19" have been violated. (*Id.* at 2.)  Edwards seeks unspecified relief. (*Id.* at 4.)

## II. STANDARD OF REVIEW

Because the Court previously granted Edwards leave to proceed *in forma pauperis*, the Court is required, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), to dismiss the Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice. *Id.*  As Edwards is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

As noted above, Edwards states that he is invoking the Court's federal question jurisdiction because his rights under "1986 19" have been violated.  (Am. Compl. at 2.)  The

Court cannot discern to which constitutional or statutory right Edwards is referring to. To the extent he is referring to 42 U.S.C. § 1986, his Amended Complaint fails to state a claim under that statute. That section provides that:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case . . . .

42 U.S.C. § 1986. "[Section] 1986 constitutes an additional safeguard for those rights protected under 42 U.S.C. § 1985, and 'transgressions of § 1986 by definition depend on a preexisting violation of § 1985." *Clark v. Carbaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994) (quoting *Rogin v. Bensalem Twp.*, 616 F.2d 680, 696 (3d Cir. 1980)). Moreover, a plaintiff must allege that: "(1) the defendant had actual knowledge of a § 1985 conspiracy, (2) the defendant had the power to prevent or aid in preventing the commission of a § 1985 violation, (3) the defendant neglected or refused to prevent a § 1985 conspiracy, and (4) a wrongful act was committed." *Id.* "[T]o state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997); *Farber v. City of Paterson*, 440 F.3d 131, 136 (3d Cir. 2006) (explaining that "§ 1985(3) defendants must have allegedly conspired against a group that has an identifiable existence independent of the fact that

its members are victims of the defendants' tortious conduct").[1] Edwards's Amended Complaint fails to allege the type of race- or class-based discrimination that is required to state a claim under § 1985(3). Thus, because Edwards has failed to allege the existence of a § 1985 conspiracy, he cannot maintain a § 1986 claim against the Defendants. These claims will therefore be dismissed.

To the extent Edwards's Amended Complaint can be construed as raising claims pursuant to 42 U.S.C. § 1983, he fails to state a claim under that statute as well. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). With respect to the PPA, Edwards must allege that its policies or customs caused the alleged constitutional violation. *See King v. City of Phila.*, 654 F. App'x 107, 112 (3d Cir. 2016) (per curiam) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Here, Edwards fails to suggest that a policy or custom of the PPA caused the alleged violations of his rights. Accordingly, Edwards cannot maintain his claims against the PPA at this time.

Edwards also fails to state a claim against John Taylor at this time. Edwards states that Taylor was the "active supervisor," but fails to explain how Taylor was personally involved in the violation of his constitutional rights, whether due to the official's own misconduct or the official's deliberate indifference to known deficiencies in a policy or procedure that violated his

---

[1] Section 1985(1) and 1985(2) appear to have no applicability here, as nothing in the Amended Complaint suggests that Edwards was either an officer who was prevented from performing his duties or was deterred from attending a court proceeding to testify therein.

rights.  *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds*, *Taylor v. Barkes*, 135 S. Ct. 2042 (2015).  Edwards's reference to Taylor as a supervisor is insufficient to impose liability against him, as "vicarious liability is inapplicable to . . . § 1983 suits."  *Iqbal*, 556 U.S. at 676.  Thus, Edwards cannot maintain his claims against Taylor at this time.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Edwards's Amended Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.  This dismissal will be without prejudice to Edwards's right to file a second amended complaint in the event he can cure the defects noted above.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  An appropriate Order follows.

                                              **BY THE COURT:**

                                    **/s/ Juan R. Sánchez**
                                    **JUAN R. SÁNCHEZ, C.J.**