IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAY EDWARDS,<br>    Plaintiff,<br><br>v.<br><br>PHILADELPHIA PARKING<br>AUTHORITY, *et al.*,<br>    Defendants. | CIVIL ACTION NO. 18-CV-3426 |

**MEMORANDUM**

SÁNCHEZ, C.J.                                                                                   DECEMBER 6th, 2018

On August 13, 2018, *pro se* Plaintiff Jay Edwards filed two separate Complaints and Motions for Leave to Proceed *In Forma Pauperis*. *See Edwards v. City of Phila.*, Civ. A. No. 18-3426 (E.D. Pa. filed Aug. 13, 2018); *Edwards v. Phila. Parking Auth.*, Civ. A. No. 18-3427 (E.D. Pa. filed Aug. 13, 2018). In both Complaints, Edwards raised constitutional claims pursuant to 42 U.S.C. § 1983 based upon events that occurred on September 7 and 14, 2017. Specifically, Edwards asserted that his Fourth and Fourteenth Amendment rights were violated when officers of the Philadelphia Police Department and the Philadelphia Parking Authority searched his vehicles and impounded them. In Civil Action No. 18-3426, Edwards named the City of Philadelphia, the City Police Department, and Officer Michael Spicer as Defendants. In Civil Action No. 18-3427, Edwards named the Philadelphia Parking Authority ("PPA") and John Taylor, an employee of the PPA, as Defendants.

By Order entered on August 15, 2018, the Court concluded that because Edwards was asserting constitutional claims arising from the same events in both Complaints, it was in the interest of judicial economy to consolidate these cases and allow Edwards to file an Amended Complaint. (ECF No. 4.) Accordingly, the Court granted Edwards leave to proceed *in forma*

1

*pauperis*, consolidated the two cases, closed Civil Action No. 18-3427, and directed the Clerk of Court to add the PPA and John Taylor to the docket as Defendants in Civil Action No. 18-3426. (*Id.*) The Court also dismissed the Complaints without prejudice to Edwards's right to file an amended complaint in Civil Action No. 18-3426.

On September 21, 2017, the Court received a Response from Edwards. (ECF No. 6.) Edwards captioned his Response with the caption for Civil Action No. 18-3427. (*Id.* at 1.) By Order entered on October 3, 2018, the Court directed the Clerk of Court to docket the Response in Civil Action No. 18-3426 and directed Edwards to make all further filings in Civil Action No. 18-3426 only.

In his Response, Edwards argued that the undersigned "picked [Civil Action No. 18-3427] apart leaving no defendants in this case and was dismissed with prejudice." (ECF No. 6 at 3.) He "decline[d] to join or cons[o]lidate" Civil Action Nos. 18-3426 and 18-3427. (*Id.* at 6.) Edwards also requested that the undersigned recuse himself from this matter and that it be reassigned to another judge. (*Id.* at 9.) By Order entered on October 4, 2018, the Court denied any request for reconsideration of the August 15, 2018 Order consolidating Edwards' cases and directed him to file his amended complaint within thirty days. (ECF No. 7.)

The Court received Edwards' Amended Complaint, naming the Philadelphia Parking Authority ("PPA") and John Taylor, a PPA officer, as Defendants on October 19, 2018. (ECF No. 8.) By Memorandum and Order entered on October 31, 2018, the Court dismissed the Amended Complaint. (ECF Nos. 9, 10.) Specifically, the Court noted that Edwards had failed to state a claim for relief under 42 U.S.C. §§ 1983 and 1986. (ECF No. 9 at 3-6.) The Court gave Edwards another opportunity to amend. (*Id.* at 6.)

The Court received Edwards' Second Amended Complaint on December 4, 2018. (ECF No. 12.) The Second Amended Complaint names the PPA, John Taylor, the City of Philadelphia

2

Police, and Michael Spicer as Defendants. Upon review, the Court concludes that the Second Amended Complaint fails to cure the defects present in his Amended Complaint. Accordingly, for the following reasons, the Court will dismiss the Second Amended Complaint.

## I. FACTS

In his Second Amended Complaint, Edwards alleges that in September of 2017, his neighbors called the Defendants "at the radio room of the Philadlephia Parking Authority and told the operator tha[t] the police [were] making up lie[s] that this [situation] was a pet stop this vehic[le] was parked please send a supervisor right away." (Second Am. Compl. at 3.) Accordingly, to Edwards, the "first supervisor said they can't take the car because it was parked . . . and not in motion." (*Id.*)

Edwards contends that he lost his driver's license and almost lost his house because of these events. (*Id.* at 4.) He also alleges that he lost respect from people, and that he suffered "stress [and] pain [and] suffering." (*Id.*) Edwards states that he is invoking this Court's federal question jurisdiction for violations of 42 U.S.C. §§ 1983, 1985, and 1986. (*Id.* at 2.) As relief, he seeks $100,000.00 "or their [heavy] duty tow truck." (*Id.* at 4.)

## II. STANDARD OF REVIEW

Because the Court previously granted Edwards leave to proceed *in forma pauperis*, the Court is required, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), to dismiss the Second Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.*

3

As Edwards is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III. **DISCUSSION**

   A. **Claims Under 42 U.S.C. § 1983**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, Edwards fails to state a plausible § 1983 claim against any of the Defendants.

As an initial matter, the City of Philadelphia Police is not a proper defendant under § 1983, as it is not a separate legal entity from the City of Philadelphia. *See Regalbuto v. City of Phila.*, 937 F. Supp. 374, 377 (E.D. Pa. 1995). Even if the Court were to construe the claim as one against the City, it is insufficient. With respect to both the PPA and the City, Edwards must allege that their policies or customs caused the alleged constitutional violation. *See King v. City of Phila.*, 654 F. App'x 107, 112 (3d Cir. 2016) (per curiam) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). Here, Edwards again fails to suggest that a City or PPA policy or custom caused the alleged violations of his rights. Accordingly, Edwards cannot maintain his claims against the PPA and the City of Philadelphia Police.

Edwards also fails to state a claim against John Taylor and Michael Spicer. He has not stated a claim against them because nothing in the Second Amended Complaint describes how they were responsible for violating Edwards' rights, whether due to their own misconduct or their deliberate indifference to known deficiencies in a policy or procedure that violated

4

Edwards' rights. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds*, *Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Accordingly, his § 1983 claims against them will be dismissed as well.

### B. Claims Under 42 U.S.C. § 1985

Edwards also alleges that the Defendants violated his rights under 42 U.S.C. § 1985. As the Court previously told Edwards, "to state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997); *Farber v. City of Paterson*, 440 F.3d 131, 136 (3d Cir. 2006) (explaining that "§ 1985(3) defendants must have allegedly conspired against a group that has an identifiable existence independent of the fact that its members are victims of the defendants' tortious conduct").[1] Edwards' Second Amended Complaint fails to allege the type of race- or class-based discrimination that is required to state a claim under § 1985(3). Thus, his § 1985 claims will be dismissed as well.

### C. Claims Under 42 U.S.C. §1986

Edwards again contends that the Defendants violated his rights under 42 U.S.C. § 1986, which provides that:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such

---

[1] Section 1985(1) and 1985(2) appear to have no applicability here, as nothing in the Second Amended Complaint suggests that Edwards was either an officer who was prevented from performing his duties or was deterred from attending a court proceeding to testify therein.

5

wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case . . . .

42 U.S.C. § 1986. "[Section] 1986 constitutes an additional safeguard for those rights protected under 42 U.S.C. § 1985, and 'transgressions of § 1986 by definition depend on a preexisting violation of § 1985." *Clark v. Carbaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994) (quoting *Rogin v. Bensalem Twp.*, 616 F.2d 680, 696 (3d Cir. 1980)). Moreover, a plaintiff must allege that: "(1) the defendant had actual knowledge of a § 1985 conspiracy, (2) the defendant had the power to prevent or aid in preventing the commission of a § 1985 violation, (3) the defendant neglected or refused to prevent a § 1985 conspiracy, and (4) a wrongful act was committed." *Id.* As discussed above, however, Edwards has failed to set forth a plausible § 1985 claim. Accordingly, his § 1986 claims will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Edwards' Second Amended Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim. Because Edwards has been given two opportunities to amend and has not alleged anything that gives rise to a clear basis for a claim, the Court concludes that further attempts to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

_____
**JUAN R. SANCHEZ, C.J.**